UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| D. CARTER CONSULTING, LLC, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF ) <br> VETERANS AFFAIRS, ) <br> Defendant. ) | CASE NO.: 2:25-cv-740 |

## COMPLAINT

Plaintiff, D. Carter Consulting LLC ("Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant, the United States of America, acting through the U.S. Department of Veterans Affairs ("VA"), and in support thereof states as follows:

## INTRODUCTION

1. This is a civil action for breach of contract and enforcement of a final, binding decision issued by a Federal Contracting Officer pursuant to 41 U.S.C.A. § 7103 and FAR 52.212-4(d). The United States, acting through the VA, has failed and refused to pay the sum of $155,995.10 awarded to Plaintiff in a Contracting Officer's Final Decision dated April 21, 2025.

2. The Contracting Officer, Mr. James Boles, determined that the VA wrongfully terminated Plaintiff's contract and owed the full contract amount plus interest. Despite this final and conclusive decision, officials at the Central Alabama

Veterans Healthcare System have refused to release the funds necessary to satisfy the government's debt, forcing Plaintiff to seek judicial intervention to compel payment.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Contract Disputes Act, 41 U.S.C. §§ 7101, *et seq.*, and 28 U.S.C. § 1346, because the United States is a defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1402 because Plaintiff's principal place of business is located within the district. Venue is also proper because the cause of action arose in this district, as the contract at issue was performed at and for the Central Alabama Veterans Healthcare System, which has campuses in Montgomery and Tuskegee, Alabama, both within the Middle District of Alabama. Venue is also proper in this district because enforcement of a final, unappealable order of a Contracting Officer under the Contract Disputes Act in a district court is not inconsistent with the venue provisions of the Act. *See U.S. v. Kasler Elec. Co., Inc.*, 123 F.3d 341, 344 (6th Cir. 1997).

## THE PARTIES

5. Plaintiff D. Carter Consulting is a business entity organized under the laws of the State of Alabama, with its principal place of business in Auburn, Lee County, Alabama.

6. Defendant United States of America is the sovereign entity that, through its agency, the U.S. Department of Veterans Affairs, entered into the contract at issue.

## FACTUAL ALLEGATIONS

7. In 2023, the VA awarded a contract (the "Contract") to Plaintiff to provide and install lights for the two campuses of the Central Alabama Veterans Healthcare System ("CAVHS").

8. Plaintiff fully and satisfactorily performed all of its obligations and completed all work required under the Contract on or before November 30, 2023.

9. Following completion of the work, disputes arose with the VA, including VA employee Alba Soboll. As a result of these disputes, the VA terminated the Contract for cause and refused to render any payment to Plaintiff for the work performed and materials provided.

10. Pursuant to the Contract Disputes Act and the procedures outlined in Federal Acquisition Regulation ("FAR") 52.233-1, Plaintiff, through counsel,

submitted a certified claim to the responsible Contracting Officer ("CO"), Mr. James Boles, seeking payment for the wrongfully terminated Contract.

11. On April 21, 2025, CO Boles issued a comprehensive Contracting Officer's Final Decision ("COFD") regarding Plaintiff's claim. A true and correct copy of the COFD is attached hereto as Exhibit A.

12. The COFD made the following key findings favorable to the Plaintiff:

   a. The VA's termination of the Contract for cause was wrongful and improper;

   b. The associated Contractor Performance Assessment Reporting System (CPARS) assessment for Plaintiff should be changed to reflect a "satisfactory" rating; and

   c. The VA owes Plaintiff the sum of $155,995.10.

13. Under the Contract Disputes Act, a COFD is "final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced." 41 U.S.C. § 7103(g).

14. The time for the Government to appeal the COFD has expired. The decision is therefore final and binding upon the United States.

15. Moreover, "[a]ny judgment against the Federal Government on a claim under this chapter [of the Contract Disputes Act] ***shall*** be paid promptly in

accordance with the procedures provided by section 1304 of title 31." 41 U.S.C. § 7108 (a)(emphasis added).

16.  On April 23, 2025, Plaintiff, through counsel, communicated its acceptance of and satisfaction with the COFD's findings and award.

17.  Despite the final and binding nature of the COFD and Plaintiff's repeated demands for payment, the VA has failed and refused to pay the $155,995.10 owed to Plaintiff.

18.  The CO, Mr. Boles, has confirmed that the refusal to pay stems directly from the facility level. In an email to Plaintiff's counsel, Mr. Boles stated: "I have attempted to obtain the funding from the medical facility to resolve the claim, however my request has been denied. Unfortunately, you will need to pursue another avenue to resolve this matter."

19.  The Defendant's failure to pay the amount awarded in the COFD constitutes a breach of contract and a violation of federal law. This failure has caused and continues to cause significant financial hardship to Plaintiff.

## COUNT I
## BREACH OF CONTRACT AND ENFORCEMENT OF A CONTRACTING OFFICER'S FINAL DECISION
**(Against Defendant United States of America)**

20.  Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

21. A valid and enforceable contract existed between Plaintiff and the United States.

22. A dispute arose under the Contract, which was properly submitted for resolution under the Contract Disputes Act.

23. The cognizant Contracting Officer issued a Final Decision on April 21, 2025, which became final and binding upon the United States.

24. The COFD created an immediate and unconditional obligation for the United States to pay Plaintiff the sum of $155,995.10.

25. The United States has breached its contractual and statutory obligations by failing to pay the amount determined to be due and owing in the final, unappealed COFD.

26. This failure to pay was substantially unjustified, in that the Government's position had no reasonable basis in law or fact and amounted to bad faith.

27. As a direct and proximate result of this breach, Plaintiff has been damaged in the amount of no less than $155,995.10, plus statutory interest, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff D. Carter Consulting LLC respectfully requests that this Court enter judgment in its favor and against the Defendant as follows:

A. An Order compelling Defendant United States of America to immediately pay the sum of $155,995.10 as required by the Contracting Officer's Final Decision dated April 21, 2025;

B. An award of pre-judgment and post-judgment interest as provided for by the Contract Disputes Act, 41 U.S.C. § 7109, and other applicable law;

C. An award of reasonable attorneys' fees and costs incurred in connection with this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and other applicable law; and

D. Such other and further relief as this Court deems just and proper.

Dated: September 15, 2025.                    RESPECTFULLY SUBMITTED,

                                              */s/ Murray S. Flint*
                                              MURRAY S. FLINT (FLI009)
                                              *Attorney for Plaintiff*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
1901 Sixth Avenue North, Suite 1100
Birmingham, Alabama 35203
Phone: (205) 314-2407
Fax: (205) 244-1373
murray.flint@swiftcurrie.com

DEFENDANT WILL BE SERVED WITH THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

Office of Chief Counsel
VA Regional Office
3322 West End Avenue, Suite 509
Nashville, TN 37203

US Attorney General
US Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

US Attorney's Office
Middle District of Alabama
131 Clayton Street
Montgomery, AL 36104

4934-3879-2291, v. 2